JOHN D. ROBERTSON (SBN.72400)
LAW OFFICES OF JOHN D. ROBERTSON, APC
1021 S. Union Ave.
Los Angeles, CA 90015
Telephone: (213) 482-8893
Facsimile: (213) 482-5002
Email: jdrlaw@hotmail.com

Attorney for Defendant,
JONATHAN PALUCHA (#1)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JONATHAN ENRIQUE PALUCHA,<br>Defendant. | **Case No. 2:26-CR-00351-AB**<br><br>**DEFENDANT JONATHAN PALUCHA'S OPPOSITION, IN PART, TO GOVERNMENT'S MOTION TO DISMISS CASE WITHOUT PREJUDICE**<br><br>Hearing Date: September 25, 2026<br>Time: 1:30 p.m.<br><br>HON. JUDGE ANDRE BIROTTE JR. |

Defendant JONATHAN ENRIQUE PALUCHA, by and through his counsel of record, John D. Robertson, files this Opposition, in part, to the Government's Motion to Dismiss the case without prejudice. Mr. Palucha does not oppose dismissal, but submits that dismissal be with prejudice.

//

//

//

//

Dated: September 22, 2026

Respectfully submitted,

**LAW OFFICES OF JOHN D. ROBERTSON**

*/s/ John D. Robertson*
John D. Robertson, Esq.
Attorney for Defendant
JONATHAN PALUCHA

# TABLE OF CONTENTS

**I. INTRODUCTION ........................................................................................ 1**

**II. MEMORANDUM OF POINTS AND AUTHORITIES ............................. 2**

A. THE GOVERNMENT FAILS TO RAISE A GOOD FAITH BASIS FOR SEEKING ........................................................................................ 2

B. CONTROLLING AUTHORITY FROM THIS DISTRICT COMPELS DISMISSAL WITH PREJUDICE. ........................................ 3

C. OTHER JUDGES OF THIS COURT HAVE REACHED THE SAME CONCLUSION ON MATERIALLY IDENTICAL FACTS. ..................... 6

D. PERSUASIVE AUTHORITY FROM THE NINTH CIRCUIT AND OTHER FEDERAL DISTRICT COURTS CONFIRMS THAT DISMISSAL WITH PREJUDICE IS THE APPROPRIATE REMEDY……………….. 7

E. THE GOVERNMENT HAS FAILED TO ARTICULATE A GOOD FAITH BASIS FOR DISMISSAL WITHOUT PREJUDICE. ................... 9

F. DISMISSAL WITHOUT PREJUDICE WOULD INDEPENDENTLY VIOLATE MR. PALUCHA'S FIFTH AND SIXTH AMENDMENT RIGHTS. ........................................................................................ 10

*1. Sixth Amendment.* ………………………………………………...................... 10

*2. Fifth Amendment Due Process.* ................................................ 11

**III. CONCLUSION ........................................................................................ 11**

# TABLE OF AUTHORITIES

## CASES

*Barker v. Wingo*, 407 U.S. 514 (1972) ---------------------------------------------- 11

*Texas v. Cobb*, 532 U.S. 162 (2001) ---------------------------------------------- 10

*United States v. Aldana-Aldana*, No. 2:25-mj-01421-DUTY, Dkt. No. 24 (C.D. Cal.) ---------------------------------------------------------------------------------- 6

*United States v. Barrera-Moreno*, 951 F.2d 1089 (9th Cir. 1991) ------------------ 2

*United States v. Benlakhlef*, No. 2:25-mj-06327-DUTY, Dkt. No. 23 (C.D. Cal. Mar. 25, 2026) ------------------------------------------------------------------- passim

*United States v. Brown*, 425 F.3d 681 (9th Cir. 2005) -------------------------------- 2

*United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020) ----------------------- 2, 4, 11

*United States v. Calderon-Lopez*, 2020 WL 2616034 (D. Ariz. May 22, 2020) --- 8

*United States v. Cruz-Cruz*, 2026 WL 585458 (N.D. Cal. Mar. 2, 2026) ------ 9, 10

*United States v. Escobedo-Molina*, 790 F. Supp. 3d 1283 (D.N.M. 2025) --------- 9

*United States v. Ferreira-Chavez*, 2021 WL 602822 (D. Idaho Feb. 12, 2021) --- 8

*United States v. Hayden*, 860 F.2d 1483 (9th Cir. 1988) ------------------------- 2, 9

*United States v. Mayren*, 591 F. Supp. 3d 692 (C.D. Cal. 2022) -------------------- 7

*United States v. Monteverde*, 2021 WL 5534880 (D. Ariz. 2021) ------------------ 8

*United States v. Munoz-Garcia*, 455 F. Supp. 3d 915 (D. Ariz. 2020) --------- 8, 10

*United States v. Olsen*, 995 F.3d 683 (9th Cir. 2021) ------------------------------- 11

*United States v. Parias*, 814 F. Supp. 3d 1096 (C.D. Cal. 2025) ------------ 6, 7, 10

*United States v. Salazar*, No. 2:26-cr-00211-MEMF, Dkt. No. 105 (C.D. Cal. September 18, 2026) ---------------------------------------------------------- 3, 5, 10

*United States v. Salerno*, 481 U.S. 739 (1987) --------------------------------------- 7

*United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015) -------------------- 7

*United States v. Solano-Lopez*, No. 8:25-cr-00093-HDV, Dkt. No. 34 (C.D. Cal. Aug. 4, 2025) ---------------------------------------------------------------------- 6, 10

*United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012) ------- 8, 10

*United States v. Wallace*, 848 F.2d 1464 (9th Cir. 1988) ------------------------- 2, 9

**STATUTES**

8 U.S.C. § 1325 ---------------------------------------------------------------------- 5, 7

8 U.S.C. § 1326 ---------------------------------------------------------------------- 6, 7

**RULES**

Fed. R. Crim. P. 46(f) ---------------------------------------------------------------- 11

Fed. R. Crim. P. 48(a) -------------------------------------------------------- passim

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. VI ------------------------------------------------------------- 10

## I. BRIEF INTRODUCTORY STATEMENT

On September 18, 2026, the Government filed a Noticed Motion to Dismiss the Indictment [Docket No. 8], but without prejudice, and yet without offering any reasoned explanation for why a dismissal without prejudice, rather than with prejudice, is warranted on this record. Defendant respectfully opposes the motion and instead asks the Court to dismiss the indictment with prejudice.

Three considerations compel that result. First, under Federal Rule of Criminal Procedure 48(a) the Government must show a good faith, articulable basis for seeking dismissal on terms that preserve its ability to re-prosecute. The Government's motion offers none. Second, the Government has, by its own conduct, elected to dispose of this case through civil immigration removal rather than criminal prosecution. Within hours of Magistrate Judge Kim's order releasing the Defendant on the posting of a $15,000 unsecured appearance bond [Docket No. 258; Case No. 2:26-mj-02611-DUTY], the Government nonetheless, and in defiance of that Court Order, transferred the defendant from the custody of the United States Marshals Service to U.S. Immigration and Customs Enforcement where he remained in detention for many months with the trial date pending in this matter, before the Government ordered him removed from the United States and deported him, outside the United States to Guatemala, despite the pendency of this case and the approaching trial date. Having chosen deportation over trial, the Government should not be permitted to reserve the option to revive these charges at a time of its choosing. Third, allowing the Indictment to be dismissed without prejudice while the Defendant is outside the United States and unable to invoke Speedy Trial Act protections would leave the Defendant under an indefinite, unilaterally controlled threat of re-prosecution. That outcome offends the Due Process Clause of the Fifth Amendment, and the speedy trial guarantee of the Sixth Amendment of the United States Constitution.

For the reasons set forth below, the Court should grant the Government's motion only on the condition that the dismissal be entered with prejudice.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE GOVERNMENT FAILS TO RAISE A GOOD FAITH BASIS FOR SEEKING LEAVE TO DISMISS WITHOUT PREJUDICE

Federal Rule of Criminal Procedure 48(a) provides that "[t]he Government may, with leave of Court, dismiss an Indictment, Information, or Complaint." Fed. R. Crim. P. 48(a). A Rule 48(a) dismissal is "presumptively without prejudice." United States v. Brown, 425 F.3d 681, 682 (9th Cir. 2005). That presumption, however, is not absolute. A district court has discretion to deny the Government's motion, or to grant it only on the condition that dismissal be entered with prejudice, where the Court "specifically determines that the Government is operating in bad faith," United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988), or where the motion is based upon considerations "clearly contrary to the public interest." United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir. 1988).

Separately, this Court may dismiss an Indictment under its supervisory powers where the Government's conduct has effected "a serious due-process violation" or a "recognized statutory or constitutional" violation that warrants such a remedy "to preserve judicial integrity" and "to deter future illegal conduct." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020); see also *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991).

In very recent cases, a Judge of this Court has already applied that framework and concluded that under the virtually identical circumstances as in Mr. Palucha's case, the very conduct at issue here, deportation of a Defendant who has been released on bond pending trial, satisfies both standards. *United States v. Benlakhlef*, Case No. 2:25-mj-06327-DUTY, [ECF 23] (C.D. Cal. Mar. 25, 2026)

(Frimpong, J.). See also *United States v. Salazar*, Case No. 2:26-cr-00211-MEMF [ECF 105] (C.D. Cal. September 18, 2026) (Frimpong, J.).

### B. **CONTROLLING AUTHORITY FROM THIS DISTRICT COMPELS DISMISSAL WITH PREJUDICE.**

The Court's Decision in *Benlakhlef* is directly on point and should control the outcome here. Months ago, in *Benlakhlef* this Court confronted the same Rule 48(a) posture presented in the Government's Motion. In *Benlakhlef*, the Defendant was arrested, presented for an initial appearance, and ultimately released on bond pending trial. *Benlakhlef*, [*ECF 23 at 2*]. Before the Post-Indictment Arraignment could be held, the Government re-detained the Defendant through ICE and deported him to his country of origin. *Id.* at 2. The Government then moved under Rule 48(a) to dismiss the case without prejudice. *Id.* The Defendant did not oppose dismissal, but argued that dismissal should be with prejudice because the Government had "elected to proceed via deportation." *Id. at 3*.

The Court granted the motion in part and dismissed the Complaint with prejudice. *Id. at 7*. The Court held, first, that "the decision to redetain and deport Benlakhlef amounts to bad faith on the Government's part." *Id. at 3*. The Court emphasized that it had granted release on the condition that the Defendant "appear in person in accordance with any and all directions and orders relating to [his] appearance," and that the Court "[saw] no reason to think that [the Defendant] would not have appeared for all required court dates, except for that the Government removed him from this country." *Id. at 4.* The Court reasoned:

> To prioritize [Defendant's] deportation over proceeding with the prosecution that the Government itself started, while insisting that the prosecution remain hanging over [him] for an indeterminate period of time, demonstrates a willingness to violate the universal sense of justice. *Id. at 4*

The Court rejected the Government's argument that the prompt filing of a Motion to Dismiss after deportation cured any bad faith, explaining that "[t]he Government's bad faith lies not on what it did after [Defendant] was deported; rather, it is the deportation itself, while this case was pending, especially after the Court had ordered [Defendant's] release on bond conditions, that leads this Court to find bad faith." *Id. at 5*.

Second, and as an independent ground, this Court held that the Government's deportation of the Defendant while the prosecution remained pending "violated his Sixth Amendment rights" because it "interferes with his ability to seek and communicate with counsel" and "necessarily prevents him from participating in his own case." *Id. at 6*. Drawing on its supervisory authority, the Court concluded that dismissal with prejudice was warranted both "to implement a remedy for the violation of a recognized statutory or constitutional right" and "to deter future illegal conduct." *Id.* (quoting *Bundy*, 968 F.3d at 1031).

The factual record here is materially identical to *Benlakhlef*. Mr. Palucha was indicted on June 2, 2026 [Docket No. 1]. He was arrested, presented, and released by Magistrate Judge Kim on a $15,000 unsecured appearance bond signed by a responsible third-party surety [Docket No. 258; Case No. 2:26-mj-02611-DUTY]. Before Mr. Palucha could be released into the community, the Government transferred him from the custody of the United States Marshals to U.S. Immigration and Customs Enforcement and later deported him. As in *Benlakhlef*, it is Mr. Palucha's removal, then, that will prevent him from appearing in Court. *Benlakhlef, [ECF 23 at 4]*. As in *Benlakhlef*, the Government chose deportation over the prosecution it commenced and now asks this Court to preserve its option to revive these charges at a time of its choosing. The result must be the same: dismissal with prejudice.

If anything, the case for dismissal with prejudice is stronger here than in *Benlakhlef*. *Benlakhlef* involved a single misdemeanor count under *8 U.S.C. § 1325*. *Id. at 1*. By contrast, Mr. Palucha stands indicted on a serious felony count of distribution of a narcotic drug or controlled substance under *21 U.S.C. § 841 (a) (1), (b) (1) (c)*, knowingly and intentionally distributing a mixture and substance containing a detectable amount of N-phenyl-N [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance [Docket No. 1]. The Government's decision to abandon a federal felony prosecution in favor of administrative removal, after itself electing to obtain the Indictment, is an even more striking manifestation of the bad faith this Court identified in *Benlakhlef*.[1]

Most recently, in United States v. Jorge Humberto Salazar, Case No. 2:26-CR-00211-MEMF-4; Judge Frimpong of this Court issued an Order dismissing the Indictment with prejudice where the Government, once again, deported a Defendant (Salazar) while he was released on bond and pending trial. Judge Frimpong found in her Order that "….given the Government's removal of Salazar from the country has jeopardized this Court's ability to try him for the charges that the Government itself had initiated, this Court has the authority to craft a remedy it deems appropriate for addressing the Government's misconduct. Thus, the Court dismisses the case with prejudice because the deportation itself constitutes the

---

[1] Similar to the statement made by the Court in *Benlakhlef* (Id. at fn.1), the Defendant's primary contention relates to the decision to deport Palucha while he was awaiting trial. The Defendant has no basis to believe that the assigned AUSA was responsible for this decision.

finding of bad faith that permits the District Court to craft an appropriate remedy" (citing *Santos-Flores*, 794 F.3d at 1091) *Id.* (ECF 105) (See attached Exhibit A).

**C. <u>OTHER JUDGES OF THIS COURT HAVE REACHED THE SAME CONCLUSION ON MATERIALLY IDENTICAL FACTS.</u>**

The Court's ruling in Benlakhlef does not stand alone. Multiple other judges of this District have, in recent months, dismissed, ***with prejudice***, where the Government elected deportation over the prosecutions it commenced.

In United States v. Solano-Lopez, No. 8:25-cr-00093-HDV (C.D. Cal. Aug. 4, 2025) [Dkt. No. 34], Judge Vera dismissed an 8 U.S.C. § 1326 prosecution with prejudice after finding that the Government's deportation of the Defendant violated the Court's release order and the parties' plea agreement. The Court characterized the Government's "reversing course from criminal prosecution to deportation" as gamesmanship amounting to bad faith. *Id. at 3*. The Court relied on *Solano-Lopez* in *Benlakhlef*. See *Benlakhlef*, [*ECF 23 at 4*].

Similarly, in *United States v. Aldana-Aldana*, No. 2:25-mj-01421-DUTY (C.D. Cal.) [Dkt. No. 24], the Court dismissed with prejudice where the Defendant was "removed with no notice . . . after he was released on bond pending trial," a ruling this Court likewise cited approvingly in *Benlakhlef, [ECF 23 at 4-5]*.

Judge Olguin reached the same result in *United States v. Parias*, 814 F. Supp. 3d 1096 (C.D. Cal. 2025), dismissing an assault-on-a-federal-officer charge with prejudice after ICE detained the Defendant immediately following a $15,000 release order from the Magistrate Judge and obstructed defense counsel's access to the client during the critical pretrial period. The Court held that "dismissal without prejudice is insufficient because it risks repeating the same prejudice" and that allowing re-prosecution would "inappropriately prejudice Defendant" by letting the Government "salvage what appears to be a poorly conducted prosecution."

*Parias*, 814 at 1116 (C.D. Cal. 2025) *Parias* is particularly significant here because, like the matter against Mr. Palucha, it involved a non-immigration federal felony. This confirms that the with-prejudice remedy in this District is not confined to *§ 1325* or *§ 1326* prosecutions and applies with full force to the drug and felony charged in the Indictment.

Finally, *United States v. Mayren*, 591 F. Supp. 3d 692 (C.D. Cal. 2022), where Judge Fischer dismissed an illegal reentry prosecution after finding constitutional violations in the underlying removal, reflects this District's broader willingness to dismiss with prejudice when the Government's use of its immigration authority compromises a Defendant's constitutional rights.

Taken together, the Court's *Benlakhlef* decision and the parallel rulings of Judges Vera, Olguin, Frimpong, and Fischer establish a consistent and recent line of authority within the Central District: when the Government elects deportation in lieu of the criminal prosecution it has itself begun, the appropriate Rule 48(a) remedy is dismissal with prejudice.

### D. PERSUASIVE AUTHORITY FROM THE NINTH CIRCUIT AND OTHER FEDERAL DISTRICT COURTS CONFIRMS THAT DISMISSAL WITH PREJUDICE IS THE APPROPRIATE REMEDY.

The Ninth Circuit has held that once "the Government, by placing [a Defendant] in immigration detention or removing him, jeopardizes the District Court's ability to try him, then the District Court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). The Government cannot use its civil immigration authority to override a Court's release order under the Bail Reform Act, *id.*, which presumes that "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

District Courts within and beyond the Ninth Circuit have repeatedly applied the rationale set forth in *Santos-Flores* to dismiss with prejudice where the Government has chosen removal over a prosecution it commenced.

In *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1170, 1180 (D. Or. 2012), the District of Oregon ordered the Government to choose between staying ICE removal proceedings or accepting dismissal of the criminal case with prejudice, and identified the rights infringed by deportation pending prosecution: the right to a speedy trial, to call witnesses, to cross-examine witnesses, and to counsel.

The District of Arizona has reached the same conclusion in several cases. See *United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 918 (D. Ariz. 2020) (holding that once a Defendant is ordered released, the Government "was obliged to either abandon the criminal prosecution and proceed with removal, or stay removal and release the Defendant pending custody," and dismissing with prejudice when the Government did neither); *United States v. Monteverde*, 2021 WL 5534880, at *3 (D. Ariz. 2021) (dismissal with prejudice required where "[D]efendant's removal, despite the pending prosecution, violated her Sixth Amendment rights and the Speedy Trial Act"); *United States v. Calderon-Lopez*, 2020 WL 2616034, at *2 (D. Ariz. May 22, 2020) ("deporting Defendants regardless of the resulting prejudice to criminal prosecutions, ICE displays an "apparent willingness to prejudice the interests of the people of the United States and the constitutional rights of the accused, with resulting waste of DOJ, Court, and Defense resources.").

The District of Idaho followed the same path in *United States v. Ferreira-Chavez*, 2021 WL 602822, at *6 (D. Idaho Feb. 12, 2021), dismissing with prejudice where the Government had "reversed course when faced with a lawful release order under the [Bail Reform Act]," because no lesser remedy was

available where the Defendant "ha[d] already been deported" and "[h]is constitutional and statutory rights have been and will continue to be violated." *Id.*

More recently, the District of New Mexico ordered dismissal with prejudice where the Government had engaged in a pattern of deportation during pending prosecution across "hundreds of cases." *United States v. Escobedo-Molina*, 790 F. Supp. 3d 1283 (D.N.M. 2025).

And just two months ago, the Northern District of California dismissed drug-distribution charges with prejudice on materially the same facts presented here. *United States v. Cruz-Cruz*, 2026 WL 585458 (N.D. Cal. Mar. 2, 2026). In *Cruz-Cruz*, Judge Orrick held that "the Government cannot have its cake and eat it too" *Id. at *5*: having elected criminal prosecution, the Executive Branch could not then use deportation to undermine the Defendant's statutory and constitutional rights.

### E. THE GOVERNMENT HAS FAILED TO ARTICULATE A GOOD FAITH BASIS FOR DISMISSAL WITHOUT PREJUDICE.

The Government bears the burden under Rule 48(a) to demonstrate a good faith basis for the dismissal it requests. Hayden, 860 F.2d at 1488; Wallace, 848 F.2d at 1468. The Motion offers none. It does not address why dismissal without prejudice, rather than with prejudice, is warranted in light of the deportation, or explain why the Government should be permitted to reserve the option to refile after transferring Mr. Palucha to ICE custody and removing him from the jurisdiction.

This Court has already rejected the argument that the post-deportation filing of a Rule 48(a) motion can supply the requisite good faith. As the Court explained in Benlakhlef, "[t]he Government's bad faith lies not on what it did after [the defendant] was deported; rather, it is the deportation itself, while this case was pending, especially after the Court had ordered [the Defendant's] release on bond

conditions, that leads this Court to find bad faith." Benlakhlef, [ECF 23 at 5]. The same analysis disposes of the Motion here.

Even setting bad faith aside, dismissal without prejudice would create the very windfall that the federal courts have repeatedly refused to allow. If Mr. Palucha were to lawfully reenter the United States in the future, whether by claiming asylum, by a change in immigration policy, or by any other lawful means, the Government could nevertheless revive these felony charges against him. If he were to reenter unlawfully, the Government could pursue both this prosecution and any new charge that arose from that entry. Either way, the Government would retain unilateral control over the timing of any resumed prosecution, while Mr. Palucha, outside the United States and unable to invoke the protections of the Speedy Trial Act, would remain under an indefinite cloud of federal felony charges. That is precisely the result that *Benlakhlef*, *Solano-Lopez*, *Parias*, *Santos-Flores*, *Trujillo-Alvarez*, *Munoz-Garcia*, *Cruz-Cruz*, *Salazar* and the other authorities cited above forbid.

### F. <u>DISMISSAL WITHOUT PREJUDICE WOULD INDEPENDENTLY VIOLATE MR. PALUCHA'S FIFTH AND SIXTH AMENDMENT RIGHTS.</u>

Even if the Government had offered a good-faith justification, this Court should still dismiss with prejudice under its supervisory powers because dismissal without prejudice would perpetuate the same constitutional violations the Court identified in *Benlakhlef* and the other recent cases referenced above.

#### 1. Sixth Amendment.

"The Sixth Amendment provides that, in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." Texas v. Cobb, 532 U.S. 162, 167 (2001); U.S. Const. amend. VI. The Sixth Amendment also "guarantees that in all criminal prosecutions, the accused shall enjoy the right

to a speedy . . . trial," *Barker v. Wingo*, 407 U.S. 514, 519 (1972), a guarantee that the Government's chosen course of deportation has rendered effectively unenforceable. See *United States v. Olsen*, 995 F.3d 683, 686 (9th Cir. 2021).

**2. Fifth Amendment Due Process.**

Permitting the Government to suspend rather than terminate this prosecution would leave Mr. Palucha under an "indeterminate" threat of renewed federal prosecution, the very condition this Court condemned in *Benlakhlef*, [ECF 23 at 4], and would do so unilaterally controlled by the same Executive that elected to remove him in the first place. That arrangement offends "the universal sense of justice," *Bundy*, 968 F.3d at 1030, and accordingly the Due Process Clause of the Fifth Amendment.

## III. CONCLUSION

For the foregoing reasons, Mr. Palucha respectfully requests that the Court grant the Government's Motion to Dismiss on the condition that the dismissal be entered with prejudice, and further order that the appearance bond [Docket No. 258; Case No. 2:26-mj-02611-DUTY] be exonerated pursuant to Federal Rule of Criminal Procedure 46(f).

Dated: September 22, 2026

Respectfully submitted,

**LAW OFFICES OF JOHN D. ROBERTSON**

*/s/ John D. Robertson*
John D. Robertson, Esq.
Attorney for Defendant
JONATHAN PALUCHA

**DECLARATION OF JOHN D. ROBERTSON**

I, John D. Robertson, do hereby declare and state as follows:

1. I, John D. Robertson, am the attorney appointed pursuant to the Criminal Justice Act to represent Defendant Jonathan Palucha in the case of United States v. Palucha, et al, Case Number 2:26-351-AB.

2. I make this declaration in support of Defendant Jonathan Palucha's Opposition to Motion to Dismiss Indictment.

3. On May 7, 2026, Mr. Palucha was arrested and brought before the Court for his initial appearance [Docket No. 80]. At his final bail hearing before Magistrate Judge Steve Kim, Mr. Palucha was granted pretrial release on the posting of a $15,000 unsecured appearance bond signed by a responsible third party. The bond was executed, and the Court ordered Mr. Palucha released from custody of the United States Marshals Service [Docket No. 258; Case No. 2:26-mj-02611-DUTY].

4. Notwithstanding the Court's release order, Mr. Palucha was not released into the community. Prior to his physical release, Mr. Palucha was transferred from the custody of the United States Marshals Service to the custody of U.S. Immigration and Customs Enforcement (ICE).

5. On May 15, 2026, Mr. Palucha was first held in ICE custody at the Adelanto ICE Processing Center in Adelanto, California. He was thereafter transferred by ICE to immigration detention in the State of Texas, specifically to the ERO El Paso Camp East Montana Detention Facility in El Paso, Texas.

6. On or about September 13, 2026, Defense Counsel was informed that Mr. Palucha had in fact been deported. Upon review of the EOIR docket for Defendant, Defendant was ordered removed on August 21, 2026.

7. To the best of my knowledge and information, neither the United States Marshals Service nor the United States Attorney's Office took any action prior to

Mr. Palucha's removal to prevent the transfer of Mr. Palucha to ICE custody, to stay his removal from the United States pending these criminal proceedings, or to facilitate his return to the United States to stand trial on the charges in the Indictment.

8. I am attaching as Exhibit A to this declaration, the Court's decision in a most recent, virtually identical case dismissing the Indictment with prejudice against Jorge Humberto Salazar, and would ask this Court to consider and adopt the same reasoning in dismissing the Indictment, with prejudice, against Mr. Palucha.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge and belief.

Date: September 22, 2026

*/S/ John D. Robertson*________

JOHN D. ROBERTSON, ESQ.
Attorney for Defendant
JONATHAN PALUCHA